IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL T. MAK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THEODORE R. DUNHAM JR. and<br>John Does 1-10,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. CIV-24-248-SLP<br>)<br>)<br>)<br>)<br>) |

# **O R D E R**

Before the Court is Plaintiff's Response [Doc. No. 29] to the Court's Order to Show Cause [Doc. No. 27] as to why Plaintiff's claims against Defendants "John Does 1-10" should not be dismissed for failure to effect service of process within ninety days from the filing of the Complaint. Upon review, the Court finds a permissive extension of the service deadline is warranted.

Plaintiff represents the John Doe Defendants are investors, entities, or employees involved in the "DePo" cryptocurrency joint venture at issue in this case, started and led by Defendant Theodore Dunham. Resp. [Doc. No. 29] at 1, 3. Plaintiff further explains the John Doe Defendants are part of a "project team" described in a "Rebrand Update Letter" central his claims, but he has been unable to identify those individuals or entities due to the nature of the cryptocurrency scheme at issue. *Id.* at 3-4.

Plaintiff states he needs to serve discovery on Defendant Dunham to identify the John Doe Defendants, but he is presently unable to do so under LCvR26.3(a) because the case is not yet at issue due to Defendant's pending Motion to Dismiss [Doc. No. 9]. *Id.* at

2. Plaintiff asserts this supports "good cause" for a mandatory extension under Federal Rule of Civil Procedure 4(m). *Id.* at 4. Plaintiff further asserts a permissive extension is warranted because the statute of limitations has run on his claim for breach of fiduciary duty, therefore dismissal of the John Doe Defendants could potentially bar any re-filed claims against them. *Id.* at 4-5. He ultimately asks to extend his deadline to serve the John Doe Defendants to sixty days after the Court's ruling on Defendant's Motion to Dismiss. *Id.* at 5.

The Court finds Plaintiff has not shown good cause supporting a mandatory extension, but that a permissive extension is appropriate under the circumstances.[1] *See Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995) (addressing factors relevant to a permissive extension such as the statute of limitations; complexity of service; or confusion or delay attendant to in forma pauperis status). Although the latter two *Espinoza* factors are irrelevant, Plaintiff has shown the first two factors weigh in favor of a permissive extension. *See* Resp. [Doc. No. 29] at 2-5. Accordingly, Plaintiff's request for a permissive extension is GRANTED.

---

[1] Although he claims he has been unable to identify the John Doe Defendants, Plaintiff does not specifically describe any efforts he has made to do so. *See id.* Additionally, Plaintiff fails to acknowledge the latter two subsections of LCvR26.3, which provide "[t]he parties may stipulate that discovery is permitted" prior to resolution of a pre-answer motion, or "[a]ny party may move that discovery be permitted prior to" resolution. *Id.* at 26.3(b)-(c). Accordingly, the reasons set forth in Plaintiff's Response are insufficient to show good cause. *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("[G]ood cause" in Rule 4 "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." (internal quotation marks and citation omitted)).

IT IS THEREFORE ORDERED that Plaintiff's deadline to serve the John Doe Defendants is extended to sixty (60) days from the date of the Court's order on Defendant's Motion to Dismiss [Doc. No. 9].

IT IS SO ORDERED this 3rd day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE